# In the United States Court of Federal Claims

|   |   |
|---|---|
| MEREDITH-ANN: YATES,<br><br>       *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>       *Defendant.* | No. 25-1008<br>(Filed: July 18, 2025) |

*Meredith-Ann: Yates*, pro se, Marble, NC.

*Bryan Michael Byrn*, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge.*

      On June 16, 2025, pro se Plaintiff Meredith-Ann: Yates filed a Complaint and an incomplete Motion for Leave to Proceed in Forma Pauperis.  Compl., ECF No. 1; IFP Mot., ECF No. 2.  She amended her IFP application on July 2, 2025.  Am. IFP Mot., ECF No. 8.  Ms. Yates alleges she is the victim of a Fifth Amendment taking and fraud.  Compl. at 2.  She seeks $1,111,800.00 and a "[d]eclaratory ruling confirming constitutional violations by federal agents."  *Id.* 1 at 1, 3.

      On an unspecified date, Ms. Yates signed a warranty deed transferring a property to Betty Webb and Jennifer Vanover while incarcerated.  *Id.* at 2.  Plaintiff does not allege that either of these individuals were government employees.  *See id.*  After leaving prison, Ms. Yates moved back to the property and spent several years improving it.  ECF No. 1-1 at 9.[1]

      In 2024, Plaintiff claims she was "forcibly removed from her residence without judicial eviction."  Compl. at 2.  As a result, "[p]ossessions exceeding $700,000 in value were left exposed to adversarial parties."  *Id.*  Ms. Yates claims to have reported her removal as fraud to various federal agencies, which have not "taken investigative or corrective action."  *Id.*  Plaintiff alleges her forced removal was a constitutional taking.

      This Court lacks jurisdiction over Plaintiff's takings claim.  The U.S. Court of Federal Claims may hear allegations of a Fifth Amendment takings against the United States.  *Souders v. S.C. Pub. Servs. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007) (citing 28 U.S.C. § 1491(a)(1)).  Ms. Yates' Complaint fails to provide adequate factual information to support naming the United States as a defendant.  *See generally* Compl.

---

[1] For ECF No. 1-1, the Court refers to the ECF-assigned page numbers.

Plaintiff names various individuals, including "[f]ederal officer Jenny Whiteside," Betty Webb, "the Sherriff's Office," and unnamed "federal probation agents." *Id.* at 2. Ms. Yates also attaches several e-mail communications she sent to employees of Cherokee County, NC, the U.S. Probation Office for the Western District of North Carolina, and the U.S. Department of Justice. ECF No. 1-1 at 10–15. However, Plaintiff does not explain how these entities were involved in her forcible removal or their connection to the United States. *See generally id.*; Compl. "Merely naming the United States as a defendant in a 'complaint is insufficient to establish this Court's subject-matter jurisdiction.'" *Matlock v. United States*, 2025 WL 1067680, No. 25-548, at *2 (Fed. Cl. Apr. 9, 2025) (quoting *Gardner v. United States*, No. 25-81, 2025 WL 315313, at *2 (Fed. Cl. Jan. 28, 2025)).

This Court also lacks jurisdiction over Ms. Yates' alleged fraud claims because tortious fraud claims are expressly excluded from this Court's jurisdiction. 28 U.S.C. § 1491(a)(1) (excluding cases "sounding in tort"). *See also Phang v. United States*, 388 F. App'x. 961, 963 (Fed. Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the Court of Federal Claims.

Accordingly, Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice**. It is not in the interest of justice to transfer her case. *See* 28 U.S.C. § 1631. Ms. Yates demonstrated she could not pay the Court's filing fee without undue hardship. Am. IFP Mot. at 1–3. Her Amended Motion for Leave to Proceed in Forma Pauperis, ECF No. 8, is **GRANTED**. Ms. Yates' initial Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, is **MOOT**. The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge